UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

March 28, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1099

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>GHAZI ABUSERRIEH,<br>*Defendant-Appellant*. | Appeal from the United States District<br>Court for the Northern District<br>of Illinois, Eastern Division.<br><br>No. 03-CR 815-1<br><br>**Suzanne B. Conlon**, *Judge*. |

**O R D E R**

Ghazi Abuserrieh was convicted of wire fraud, food stamp fraud, conspiracy to commit food stamp fraud, and money laundering and was sentenced to 57 months' imprisonment and three years of supervised release; he was also ordered to pay almost $9 million in restitution. On appeal, he initially challenged only the district court's refusal to accept his guilty plea. Later, in a supplemental brief filed after the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005), he also argued that the district court committed plain error by applying the Sentencing Guidelines as if they were mandatory in his case. We affirmed his conviction, but ordered a limited remand pursuant to *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir. 2005), to give the district court an opportunity to consider whether it would impose the same sentence with the knowledge that the Guidelines are not mandatory.

The district court responded that it would have imposed the same sentence even if it had understood that the Guidelines were advisory at the time of Abuserrieh's sentencing. We invited both parties to file statements concerning this sentence in light of the district court's response; only the government responded, however. Not surprisingly, it contends that Abuserrieh's sentence is reasonable.

In its limited remand statement, the district court indicated that of the four defendants involved in this multi-million dollar food stamp and related money laundering scheme, Abuserrieh was the most culpable. Even so, the district court sentenced him at the lowest point of the applicable Guidelines range, taking into account his personal and family circumstances. We have held that a sentence within a properly calculated Guidelines range is presumptively reasonable. See *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Because the district court would have imposed the same sentence post-*Booker*, and because Abuserrieh has offered no argument to rebut the presumption of reasonableness that attaches to his accurately calculated sentence, we **AFFIRM** the judgment of the district court.